IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL MINING ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>LISA JACKSON, ADMINISTRATOR,<br>U.S. ENVIRONMENTAL PROTECTION<br>AGENCY, et al.,<br><br>Defendants. | No. 1:10-CV-1220-RBW<br>*consolidated with*:<br>No. 1:11-cv-295-RBW<br>No. 1:11-cv-446-RBW<br>No. 1:11-cv-447-RBW |

### THE UNITED STATES' RESPONSE TO PLAINTIFFS'
### MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

The United States opposes the Motion of Plaintiffs to supplement the administrative record presented by the Environmental Protection Agency ("EPA") for its "Detailed Guidance on Improving EPA Review of Appalachian Surface Coal Mining Operations Under the Clean Water Act, National Environmental Policy Act, and the Environmental Justice Executive Order" (hereafter, "Interim Guidance").  A copy of the certified index to the administrative record for the Interim Guidance was filed with this Court on April 21, 2011.

### INTRODUCTION

Plaintiffs seek to supplement the administrative record with approximately 435 documents.[1]  EPA reviewed the documents that are subject to Plaintiffs' Motion to determine whether any of them should be part of the administrative record and, following review, EPA

---

[1] This is the total number of documents identified by all Plaintiffs, and includes separate documents submitted as exhibits to various affidavits.  There may be some duplication, to the extent the same document is listed by more than one of the Plaintiffs.

identified 6 of the documents that were before the agency and may have been considered by the decision-makers when developing the Interim Guidance. Accordingly, EPA agreed to correct the administrative record to include those documents. However, the Court should deny the motion as to the remaining documents identified by Plaintiffs because those documents were not considered by EPA at the time it issued the Interim Guidance, and are therefore not part of the administrative record. Moreover, as explained below, Plaintiffs have failed to rebut the presumption that the administrative record is complete, and they have failed to establish the applicability of any recognized exception to the rule that judicial review is limited to the administrative record.

## ARGUMENT

It is axiomatic that judicial review of agency action is limited to the administrative record and that the record consists only of materials that were considered by the agency at the time it took the challenged action. See Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 420 (1971); Pacific Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs, 448 F. Supp. 2d 1, 4 (D.D.C. 2006). The D.C. Circuit "do[es] not allow parties to supplement the record unless they can demonstrate unusual circumstances justifying a departure from this general rule." American Wildlands v. Kempthorne, 530 F.3d 911, 1002 (D.C. Cir. 2008), citing Tex. Rural Legal Aid, Inc. v. Legal Servs. Corp., 940 F.2d 685, 698 (D.C. Cir. 1991). As explained below, Plaintiffs have not demonstrated circumstances justifying a departure from the general rule.

I.  The Administrative Record as Certified by EPA is Complete and Should Not Be Supplemented.

There is a strong presumption that the administrative record certified by the agency is properly designated. Calloway v. Harvey, 590 F. Supp. 2d 29, 37-38 (D.D.C. 2008); Stainback v. Sec'y of Navy, 520 F. Supp. 2d 181, 185 (D.D.C. 2007). To rebut the presumption, Plaintiffs

must show that the documents to be included were actually considered by the agency decision-maker at the time the challenged decision was made, but nevertheless omitted from the record. Calloway v. Harvey, 590 F. Supp. 2d at 37.  However, it is not sufficient to simply assert that the documents are relevant and were before the agency at the time it made its decision.  Instead, Plaintiffs "must put forth concrete evidence that the documents it seeks to 'add' to the record were actually before the decision-makers" and "must identify reasonable, non-speculative grounds for [their] belief that the documents were considered by the agency and not included in the record." Marcum v. Salazar, 751 F. Supp. 2d 74, 78 (D.D.C. 2010) at 6, citing Sara Lee Corps. v. Am. Bakers Ass'n, 252 F.R.D. 31, 34 (D.D.C. 2008) and quoting Pac. Shores Subdiv. v. U.S. Army Corps of Eng'rs, 448 F. Supp. 2d at 6.  This Court has held that "because supplementation should not be required absent exceptional circumstances, a party seeking to supplement the record must establish that the additional information was known to the agency when it made its decision, the information directly relates to the decision, and it contains information adverse to the agency's decision." County of San Miguel v. Kempthorne, 587 F. Supp. 2d 64, 72 (D.D.C. 2008), citing San Luis Obispo Mothers for Peace v. Nuclear Regulatory Comm'n, 751 F.2d 1287, 1327 (D.C. Cir. 1984).

     Plaintiffs have not even attempted to meet this burden.  Indeed, the vast majority of the documents identified by Plaintiffs *post-date* the Interim Guidance and thus were clearly not considered by EPA at the time it made the challenged decision.  Plaintiffs' reliance on Am. Wildlands v. Kempthorne, 530 F.3d 991, 1002 (D.C. Cir. 2008) is misplaced.  There, the court denied the motion to supplement the administrative record, noting that the documents proffered were written *after* the challenged administrative decision and therefore were not part of the

administrative record.  Plaintiffs' motion to supplement the administrative record must be denied as to all of the documents that post-date the Interim Guidance.

Even as to the documents that may have existed at the time of the decision, Plaintiffs have made no effort to show that the documents were considered by EPA when it issued the Interim Guidance.  While there are some recognized exceptions to the general rule that may warrant supplementation of the administrative record in limited circumstances, the burden is on the party seeking to supplement the administrative record to show that one of the exceptions applies.  Pac. Shores Subdiv. V. U.S. Army Corps of Eng'rs, 448 F. Supp. 2d at 6.  In order to invoke one of the exceptions, the moving party must first establish that the agency acted in bad faith or otherwise behaved improperly, or that "the record is so bare that it prevents effective judicial review."  County of San Miguel, 587 F. Supp. 2d at 79.

Plaintiffs argue that the record must be supplemented because it fails to fully explain EPA's decision-making process in issuing the Interim Guidance.  Pltfs. Mem. at 7.[2]  They rely upon this Court's decision in Muwekma Ohlone Tribe v. Kempthorne, 452 F. Supp. 2d 105, 10

---

[2] Plaintiffs complain that the record is "sparse," and is not a "well-documented record memorializing the decision-making process" (Pltfs. Mem. at 6).  The Interim Guidance represents EPA's effort to timely respond to requests from the regulated community, the states, and others that EPA provide clarity as to its interpretation of the applicable regulations while developing more detailed guidance.  When EPA issued the Interim Guidance, it published a notice in the Federal Register soliciting comment on the Interim Guidance and sought review of the scientific studies that it considered in formulating the Interim Guidance.  EPA also announced that it intended to issue a Final Guidance after consideration of further information. 75 Fed. Reg. 18,500 (April 12, 2010).  However, Plaintiffs chose to challenge the Interim Guidance, rather than awaiting the release of the Final Guidance.  The administrative record for EPA's Final Guidance will include all of the comments received by EPA on the Interim Guidance, comments on and evaluations of the scientific studies referenced in the Interim Guidance, and any other information considered by EPA in developing the Final Guidance.  That record will likely include much of the information proffered by Plaintiffs in their motion to supplement the record.  But that information was not before EPA at the time it issued the Interim Guidance, and is thus not part of the administrative record for the Interim Guidance which is challenged by Plaintiffs in this case.

(D.D.C. 2006), in which this Court noted that "[t]he basis for an administrative decision . . . must be clear enough to permit effective judicial review." However, this Court properly recognized that the appropriate remedy for such a circumstance is to remand the matter to the agency for further explanation: "If the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, *the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation*." Id. at 121-22 (emphasis in original), quoting Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 744 1985). Accordingly, were this Court to find the administrative record "so bare that it prevents judicial review," the appropriate remedy would not be to supplement the administrative record with hundreds of documents that EPA never considered. Rather, the appropriate remedy would be to remand the matter to the EPA to provide a further explanation for its decision.[3]

As the D.C. Circuit has admonished: "A court should consider neither more nor less than what was before the agency at the time it made its decision." IMS, P.C. v. Alvarez, 129 F.3d 618, 623 (D.C. Cir. 1997). And, as observed by the court in Cape Hatteras Access Pres. Alliance v. U.S. Dep't of Interior, 667 F. Supp. 2d 111, 112 (D.D.C. 2009), "[a] court that orders an administrative agency to supplement the record of its decision is a rare bird." Plaintiffs have failed to establish that the administrative record should be supplemented with any of the documents proffered to the Court.

II. <u>Plaintiffs Have Failed to Meet Their Burden to Establish that any of the Proffered Documents Should Be Considered by the Court as Extra-Record Evidence</u>.

Although Plaintiffs have failed to establish any basis for supplementing the administrative record, the United States recognizes that it may be appropriate for the Court to

---

[3] As a practical matter, remand is not necessary in this case because EPA intends to issue a Final Guidance in the near future which will be based on a different administrative record.

consider certain extra-record evidence solely for the purpose of adjudicating Plaintiffs' claim that EPA has implemented the Interim Guidance as a binding rule.[4] The principle that judicial review must be limited to the administrative record "exerts its maximum force when the substantive soundness of the agency's decision is under scrutiny;" but courts have recognized exceptions to the general rule when a plaintiff challenges the procedural validity of the agency action. Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989). Plaintiffs' claim that EPA has applied the Interim Guidance as a binding rule is not a challenge to the "substantive soundness of the agency's decision," which must be based on the administrative record, but rather is a procedural challenge that the Interim Guidance is a binding legislative rule that was issued without notice and comment as required by the APA. Moreover, evidence of implementation of the Interim Guidance could not have come into existence until after the Interim Guidance was issued. Thus, while such evidence is not part of the administrative record, it may be considered by the Court as extra-record evidence, but only if it is relevant to the APA claim and otherwise admissible.

As Plaintiffs note, counsel for EPA informed counsel for Plaintiffs that such extra-record evidence may be submitted to the Court for consideration in connection with Plaintiffs' challenge that the Interim Guidance has been implemented as a binding rule, subject to EPA's right to object. Pltfs. Mem. at 7, n. 2. Plaintiffs, however, have made no effort to identify which of the more than 400 documents identified in their Motion are offered for this purpose, leaving it to the United States - and the Court - to guess at the relevance of the documents. Because Plaintiffs have failed to carry their burden to identify the purpose for which any of the extra-

---

[4] Similarly, the United States may ask the Court to consider extra-record evidence to show that the Interim Guidance has not been strictly applied as a binding rule.

record documents are offered, and the applicable exception to the general rule upon which they rely, the Motion should be denied. To the extent Plaintiffs plan to rely upon extra-record information to support their claim that EPA has applied the Interim Guidance as a rule, Plaintiffs should be required, at minimum, to provide the Court and the parties with a list of the documents, together with an affidavit explaining the relevance of any documents proffered for that purpose.

III.  The Court Should Not Take Judicial Notice of the Documents Proffered by Plaintiffs

Plaintiffs' alternative argument that the Court should take judicial notice of the hundreds of extra-record documents is utterly without merit. Plaintiffs rely on Federal Rule of Evidence 201, which applies to evidentiary proceedings. This Court's review of the agency action under the APA is, of course, not an evidentiary proceeding, and those rules are not applicable. As this court recognized in County of San Miguel, 587 F. Supp. 2d at 78, a request to take judicial notice of documents not in the administrative record is, in effect, a request for the Court to review extra-record information. Such a request is appropriate only in exceptional circumstances, which, as we established in Argument II above, Plaintiffs have failed to show are present in this case.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to supplement the administrative record should be denied in all respects.

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

/s/Cynthia J. Morris
CYNTHIA J. MORRIS
KENNETH C. AMADITZ
Environmental Defense Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 23986
Washington, DC  20026-3986
(202) 616-7554 (Morris)
(202) 514-3698 (Amaditz)
Fax: (202) 514-8865
c.j.morris@usdoj.gov
kenneth.amaditz@usdoj.gov

OF COUNSEL:

KARYN WENDELOWSKI
Office of General Counsel
U.S. EPA
1200 Pennsylvania Ave., N.W.
MC 2355A
Washington, D.C.  20460

RUSSELL W. PETIT
Office of the Chief Counsel
U.S. Army Corps of Engineers
Washington, D.C.  20314

CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2011, I caused a copy of the foregoing United States' Response to Plaintiffs' Motion to Supplement the Administrative Record to be served on counsel of record via the Court's CM/ECF system.

/s/Cynthia J. Morris