**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL MINING ASSOCIATION, ) | |
| RANDY C. HUFFMAN, ) | |
| STATE OF WEST VIRGINIA, ) | |
| GORMAN COMPANY, LLC, ) | |
| KYCOGA COMPANY, LLC, ) | |
| BLACK GOLD SALES, INC., ) | |
| KENTUCKY UNION COMPANY, ) | |
| HAZARD COAL CORPORATION, ) | |
| KENTUCKY COAL ASSOCIATION, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action Nos. 10-1220, 11-295, |
| COMMONWEALTH OF KENTUCKY, ) | 11-0446, 11-0447 (RBW) |
| CITY OF PIKEVILLE, KENTUCKY, ) | |
| ) | |
| Plaintiff-Intervenors, ) | |
| ) | |
| v. ) | |
| ) | |
| LISA JACKSON Administrator, ) | |
| U.S. ENVIRONMENTAL PROTECTION ) | |
| AGENCY, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| SIERRA CLUB, et al., ) | |
| ) | |
| Defendant-Intervenors. ) | |

**MEMORANDUM OPINION**

These consolidated cases are currently before the Court on two motions: (1) the Plaintiffs' Joint Motion to Complete and Supplement the Record ("Pls.' Mot."), and (2) the federal defendants' Motion to Strike ("Defs.' Mot."). The plaintiffs request that the Court order the defendants to "complete . . . and/or supplement the [administrative] record," Pls.' Mot. at 1, while the defendants assert that it should not be required to add the documents in question to the

1

administrative record or otherwise considered by the Court and request that those documents be stricken from the plaintiffs' December 22, 2011 Joint Motion for Partial Summary Judgment. For the reasons that follow, both parties' motions will be granted in part and denied in part.[1]

## I. BACKGROUND

On July 20, 2010, plaintiff National Mining Association ("NMA") filed its complaint seeking declaratory and injunctive relief against multiple federal defendants. The complaint, brought pursuant to Section 702 of the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 (2006), challenged two Environmental Protection Agency ("EPA") Memoranda: the June 11, 2009 Enhanced Coordination Process ("EC Process") memoranda, including the Multi-Criteria Integrated Resources ("MCIR") Assessment, and the April 1, 2010 Interim Detailed Guidance Memorandum. Compl. ¶¶ 2, 60-66, 72-90. On January 14, 2011, the Court denied the NMA's motion for a preliminary injunction and denied the federal defendants' motion to dismiss. After that ruling, four cases pending in United States District Courts in Kentucky and West Virginia were transferred to this Court and consolidated with the case that had been filed by the NMA in this Court. The parties proposed, and the Court accepted, a bifurcated briefing schedule as to the two challenged EPA Memoranda. On July 21, 2011, the EPA issued its Final Guidance, mooting all motions that had been filed in regard to the Interim Guidance that had been issued by the EPA. The Court directed the plaintiffs to file amended complaints and entered a new briefing schedule in regard to their challenge to the EPA's Final Guidance. On October 6, 2011, the Court granted the plaintiffs summary judgment as to the EC Process and the MCIR Assessment,

---

[1] In resolving the two motions, the Court also considered the following submissions: the Memorandum in Support of Plaintiffs' Joint Motion to Complete and Supplement the Record ("Pls.' Mem."); the United States' Memorandum in Opposition to Plaintiffs' Joint Motion to Supplement the Administrative Record and in Support of the United States' Motion to Strike ("Defs.' Mem."); the Plaintiffs' Consolidated Response to the United States' Motion to Strike and Reply Memorandum in Support of Joint Motion to Complete and Supplement the Record ("Pls.' Reply"); and the United States' Reply in Support of its Motion to Strike Extra-Record Material and Portions of Brief that Rely Upon Extra-Record Materal ("Defs.' Reply").

concluding that they constituted unlawful agency actions, having been issued in violation of the APA.  Cross-motions for summary judgment as to the Final Guidance have now been filed, but are not yet ripe for decision.[2]

The two motions currently before the Court concern the same documents.  These following twelve documents, which the plaintiffs ask be made part of the administrative record, were submitted with the plaintiffs' motion: (1) Permitting Procedures for Determining 'Reasonable Potential', authored by the Kentucky Natural Resources and Environmental Protection Cabinet, Division of Water, dated May 1, 2000; (2) Letter from EPA employee Douglas F. Mundrick, to R. Bruce Scott, Kentucky Division of Water ("KDOW") employee, dated July 7, 2000; (3)  Letter from EPA employee James D. Giattina, to KDOW employee Sandy Gruzesky, dated December 21, 2009, commenting on proposed National Pollutant Discharge Elimination System ("NPDES") Draft Permit for Premier Elkhorn Coal Company; (4) E-mail from EPA employee Chris Thomas to KDOW employe  Sandy Gruzesky, dated December 21, 2009; (5) E-mail from EPA employe  Sharmin Syed, to KDOW employee R. Bruce Scott, dated November 5, 2010 and attached spreadsheet; (6) E-mail and attached spreadsheet from KDOW employee R. Bruce Scott, to EPA employees Stan Meiburg, Jim Giattina, Chris Thomas et al., dated January 10, 2011; (7) E-mail and attached spreadsheet from KDOW employee R. Bruce Scott, to EPA employees Stan Meiburg, Jim Giattina, Chris Thomas et al., dated January 12, 2011; (8) E-mail from EPA employee Chris Thomas, to KDOW employee Sandy Gruzesky, dated March 10, 2011; (9) Letter from EPA employee James D. Giattina, to KDOW employee Sandy Gruzesky, dated September 28, 2011; (10) Letter from EPA

---

[2]   The Court's prior opinions in this case contain a richer discussion of the procedural and factual background of this case, as well as a detailed description of the Clean Water Act and the permitting processes that are at the heart of the dispute in this case.  See Nat'l Mining Ass'n v. Jackson, 816 F. Supp. 2d 37 (D.D.C. 2011); Nat'l Mining Ass'n v. Jackson, 768 F. Supp. 2d 34 (D.D.C. 2011).

employee James D. Giattina, to KDOW employee Sandy Gruzesky, dated September 28, 2011; (11) Affidavit of KDOW employee R. Bruce Scott; and (12) Letter from NPDES Branch, EPA Region III employee Evelyn S. MacKnight, to Division of Mining & Reclamation, West Virginia Department of Envirotmental Protection ("WVDEP") employee Jeffrey Parsons, dated November 20, 2011. Pls.' Mem., Exhibit ("Ex.") 2. The defendants agree that the exhibits they move to strike from the plaintiffs' motion for summary judgment "are the same as the documents identified in Exhibit A of the Joint Motion [to Correct or Supplement the Administrative Record]."[3] Defs.' Mem. at 1-2.

The plaintiffs advance three arguments as to why the documents in question should be added to the administrative record or considered by the Court as extra-record evidence. First, they maintain that several of the documents are "material documents which are clearly relevant" to the issues addressed in the Final Guidance and "which predate the issuance of the Final Guidance." Pls.' Mem. at 9. The plaintiffs further note that the documents that predate the Final Guidance, "were all either authored by [the] EPA or within its files at the time the Final Guidance was issued." Id. at 13. They thus contend that "all such relevant documents before [the] EPA at the time of the Final Guidance should have made their way into the Administrative Record." Id. Second, the plaintiffs argue that because they "challenge both the new standards

---

[3] The defendants explain that "[t]here are only eight exhibits attached to the Joint Summary Judgment Brief because several of the exhibits combine more than one of the documents identified in Exhibit A to the Joint Motion [to Supplement]." Defs. Mem. at 2, n.4. While the defendants' motion and reply reference the documents at issue by the exhibit numbers assigned as part of the Joint Summary Judgment Brief, id. at 2, the Court will refer to each of the twelve documents by the number preceding that document as designated on page three of this Memorandum Opinion. See supra at 3.

Additionally, the defendants note that document 11, the Scott Affidavit, refers to eighteen attachments, none of which were attached to the affidavit or filed with the Court. Defs.' Mem. at 1, n.2. Likewise, document 4, an e-mail, references several attachments that were not submitted with the exhibit. Id. The defendants explain that "[t]o the extent [the p]laintiffs intend that any of those referenced documents should be considered by the Court," their opposition also applies to those documents. Id. However, because those attachments have not been presented to the Court for consideration, they will for that reason alone not be added to the record in this case.

announced in the Final Guidance, as well as the fact that the EPA has applied the Final Guidance in an arbitrary and capricious manner," Pls.' Reply at 8, the EPA's "actions are not adequately explained by the record, as there is nothing in the record that post-dates the Final Guidance or that relates to its application," Pls.' Mem. at 16, 19. Third, the plaintiffs assert that the Court may take judicial notice of the EPA-authored documents, "whose authenticity and contents are not in dispute." Id. at 19.

The defendants counter all of the plaintiffs' arguments for supplementation of the administrative record or the Court's consideration of extra-record evidence. First, the defendants argue that it is "not sufficient to simply assert that the documents are relevant and were in the possession of the agency at the time it made its decision." Defs.' Mem. at 5. Rather, they claim, the plaintiffs must demonstrate that the documents were actually considered by the agency but not included in the record. Id. They further maintain that none of the documents that predate the Final Guidance are "independently relevant" to the Final Guidance. Id. at 6. Second, the defendants contend that the plaintiffs have not established the exceptional circumstances necessary to warrant the consideration of extra-record evidence. Id. at 7. Third, the defendants assert that because the Court's review of the agency action under the APA is not an evidentiary proceeding, the Federal Rule of Evidence permitting the Court to take judicial notice is not applicable. The Court will reach the parties arguments after briefly setting forth the standard of review applicable to the pending motions.

## II. STANDARD OF REVIEW

When reviewing agency actions under the APA, the Court's review is limited to the administrative record, either "the whole record or those parts of it cited by a party." 5 U.S.C. § 706(2)(F). Because administrative records are presumed complete, motions to supplement the

record are granted only in limited circumstances.  Theodore Roosevelt Conservation P'ship v. Salazar, 616 F.3d 497, 514 (D.C. Cir. 2010).  Accordingly, it is only in rare circumstances that a court will consider extra-record evidence in reviewing agency actions.  Franks v. Salazar, 751 F. Supp. 2d 62, 67 (D.D.C. 2010) (citing Fl. Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985)).

"There is a standard presumption that the [administrative] agency properly designated the [a]dministrative [r]ecord."  Calloway v. Harvey, 590 F. Supp. 2d 29, 37 (D.D.C. 2008) (citing Amfac Resorts, L.L.C v. Dep't of Interior, 143 F. Supp. 2d 7, 12 (D.D.C. 2001)) (internal quotations omitted).  "The administrative record includes all materials compiled by the agency that were before the agency at the time the decision was made." James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (citations and internal quotations omitted).  The agency must compile for the Court all of the information that was either directly or indirectly considered in reaching its decision, Amfac Resorts, 143 F. Supp. 2d at 12, and the Court should consider only what was actually before the agency at the time of the decision, IMS, P.C. v. Alvarez, 129 F.3d 618, 623 (D.C. Cir. 1997)).

Supplementation of the record is appropriate in three circumstances: "(1) if the agency deliberately or negligently excluded documents that may have been adverse to its decision, (2) if background information was needed to determine whether the agency considered all the relevant factors, or (3) if the agency failed to explain administrative action so as to frustrate judicial review." City of Dania Beach v. F.A.A., 628 F.3d 581, 590 (D.C. Cir. 2010) (citing Am. Wildlands v. Kempthorne, 530 F.3d 991, 1002 (D.C. Cir. 2008)) (internal quotation marks omitted)).  To rebut the presumption of regularity, the party seeking supplementation must "put forth concrete evidence that the documents it seeks to 'add' to the record were actually before the

6

decisionmakers." Marcum v. Salazar, 751 F. Supp. 2d 74, 78 (D.D.C. 2010). Conclusory statements will not suffice; rather, the plaintiff "must identify reasonable, non-speculative grounds for its belief that the documents were considered by the agency and not included in the record." Id. (quoting Pac. Shores Subdivision Cal. Water Dist. v. U.S. Army Corps of Eng'rs, 448 F. Supp. 2d 1, 6 (D.D.C. 2006) (internal quotation marks omitted). If a party can present such proof showing that an agency "did not include materials that were part of its record, whether by design or accident, then supplementation is appropriate." Id.; see also Natural Res. Def. Council, Inc. v. Train, 519 F.2d 287, 292 (D.C. Cir. 1975) (holding that review of a "partial and truncated record" by the district court was error, and remanding the case for review "on the entire administrative record").

A separate standard governs judicial consideration of extra-record evidence, which "consists of evidence outside of or in addition to the administrative record that was not necessarily considered by the agency." Calloway, 590 F. Supp. 2d at 38 (internal quotation marks omitted). In Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989), the District of Columbia Circuit stated that extra-record evidence was reviewable if it fell within one of eight exceptions.[4] Since then, the Circuit appears to have narrowed these exceptions to four: (1) when the agency failed to examine all relevant factors; (2) when the agency failed to explain adequately its

---

[4] Specifically, the court stated that consideration of extra-record evidence may be warranted in the following circumstances:

> (1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take action; (7) in cases arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage.

Esch, 876 F.2d at 991.

grounds for its decision; (3) when the agency acted in bad faith; or (4) when the agency engaged in improper behavior. See IMS, P.C., 129 F.3d at 624; see also Cape Hatteras Access Pres. Alliance v. U.S. Dep't of Interior, 667 F. Supp. 2d 111, 115-16 (D.D.C. 2009) (noting the narrowing of the Esch exceptions). "Underlying all of these exceptions is the assessment that 'resort to extra-record information [is necessary] to enable judicial review to become effective.'" Calloway, 590 F. Supp. 2d at 38 (quoting Esch, 876 F.2d at 991).

These exceptions are to only be applied in limited circumstances, see Calloway, 590 F. Supp. at 38, and "in order to invoke one of these exceptions, a party seeking a court to review extra-record evidence must first establish that the agency acted in bad faith or otherwise behaved improperly, or that the record is so bare that it prevents effective judicial review," County of San Miguel v. Kempthorne, 587 F. Supp. 2d 64, 79 (D.D.C. 2008) (internal quotations omitted) (citing Fund for the Animals v. Williams, 245 F. Supp. 2d 49, 57-58 (D.D.C. 2003)); see also Theodore Roosevelt Conservation P'ship, 616 F.3d at 514-15. The applicability of the exceptions, however, is at its zenith when extra-record evidence is needed to facilitate examination of the procedural soundness of an agency decision. Esch, 876 F.2d at 991. Ultimately, extra-record evidence will only be considered if it is needed to assist a court's review. Calloway, 590 F. Supp. 2d at 38 (citing Esch, 867 F.2d at 991).

### III. LEGAL ANALYSIS

A. <u>The Documents that Predate the Issuance of the Final Guidance</u>

Because the "[p]laintiffs have not provided the concrete evidence necessary to overcome the strong presumption of regularity owed to" an agency's designation of the administrative record, Marcum, 751 F. Supp. 2d at 80, documents 1-8 will not be added to the administrative record. While the plaintiffs themselves recognize that <u>consideration</u> of the documents at issue by

the agency is the touchstone for supplementation, see Pls.' Mem. at 12 ("In deciding whether the documents identified by Plaintiffs are necessary to complete the record the court must determine whether the document was, in fact[,] considered (as opposed to relied upon) by the agency.") (emphasis in original), they advance no basis from which the Court could conclude that these documents were indeed considered by the EPA sufficient to overcome the EPA's assurance that the documents were not considered.  Indeed, the crux of the plaintiffs' argument seems to be that because the documents predate the issuance of the Final Guidance and were either authored by EPA employees or sent to EPA employees by the KDOW, they should be added to the administrative record.  See id. at 9-10.  It is not enough for the plaintiffs to assert that "the EPA knew about these" documents, Pls.' Reply at 4; rather, the plaintiffs "must offer non-speculative grounds for their belief that the [agency] actually considered [the documents in question]." Marcum, 751 F. Supp. 2d at 81 (emphasis added).  And the plaintiffs have not done so here.

  Nor does the Court find the existence of "exceptional circumstances" necessary to warrant the consideration of these eight documents as extra-record evidence.  Fl. Power & Light Co., 470 U.S. at 743-44.  At the conclusion of the part of their brief asserting that the first eight documents—the documents predating the issuance of the Final Guidance—should be added to the administrative record, the plaintiffs maintain, in a footnote, that "if the Court declines to order the inclusion of these eight (8) documents in the Administrative Record, then it should at least consider these documents as extra-record evidence and/or take judicial notice of them consistent with the standards identified on pages 17-20 herein." Pls. Mem. at 13, n.4.  And while the ensuing pages alluded to in this footnote do set forth the legal elements that must be met for a court to consider extra-record evidence and argue that the final four documents—the documents that post-date the issuance of the Final Guidance—satisfy this test, the plaintiffs do not attempt

9

to align any of the first eight documents with this standard. Nor does the plaintiffs' reply in support of their motion to supplement attempt to explain how exceptional circumstances warrant the Court's consideration of the first eight documents at issue as extra-record evidence. If the plaintiffs do not take their argument seriously enough to do more than mention it in passing in a footnote, the Court will not on its own accord attempt to discern whether such unnamed and unargued exceptional circumstances do, in fact, exist. Accordingly, the first eight documents will not be considered as extra-record evidence.

      B.  <u>The Documents that Post-Date the Issuance of the Final Guidance</u>

The Court will consider the final four documents at issue as extra-record evidence because they shed light on an issue not addressed by the administrative record itself. While the administrative record is not so bare as to frustrate judicial review as to all of the plaintiffs' claims, it is entirely bare as to how the EPA has applied the Final Guidance. <u>See</u> Pls.' Mem. at 15 (observing that the plaintiffs "have challenged both the new standards announced in the Final Guidance . . . , as well as [the] EPA's arbitra[ry] and capricious application of the Final Guidance"). The plaintiffs assert that the four documents postdating the issuance of the Final Guidance "are relevant [to their] claims that [the] EPA has applied the Guidance as a binding rule and in an arbitrary and capricious manner." <u>Id.</u> at 18-19. Although they dispute whether such an exception is applicable here, the defendants recognize that "[c]ourts in this Circuit will consider evidence that post-dates the issuance of any agency guidance document solely to determine whether the document is being applied as a rule." Defs.' Mem. at 8 n.8 (citing <u>Catawba Cnty., N.C. v. EPA</u>, 571 F.3d 20, 34 (D.C. Cir. 2009)). The basis for the defendants' assertion that the plaintiffs' "as applied" challenge to the Final Guidance is improper—that they have not challenged a specific permitting decision resulting from the application of the Final

Guidance—is one that has been rejected by the Court at prior stages of this litigation. See Nat'l Mining Ass'n, 768 F. Supp. 2d at 44 ("The federal defendants' view of what amounts to finality is too narrow, as it is possible for an agency to take final agency actions during a permit assessment process prior to actually determining whether to grant or deny an application for a permit."); Pls.' Reply at 9 ("This Court has already rejected these arguments made by the EPA with respect to the Plaintiffs' challenge of the EC Process, the MCIR Assessment[,] and the Interim Guidance."). And the Court does not believe it efficient or necessary to rehash that reasoning again here. Accordingly, it is for now sufficient to say that because the Court's assessment of one of the plaintiffs' challenges to the application of the Final Guidance is not possible by way of the administrative record alone, the four documents at issue are appropriate for consideration as extra-record evidence.[5] The Court will therefore consider these documents in connection with the plaintiffs' claim that the EPA has applied the Final Guidance as a binding rule.[6]

### IV. CONCLUSION

For the foregoing reasons, the Plaintiffs' Joint Motion to Complete and Supplement the Record will be granted in part and denied in part, and the federal defendants' Motion to Strike

---

[5]  Having concluded that the four documents postdating the issuance of the Final Guidance are appropriate for consideration as extra-record evidence, the Court need not address the parties' arguments as to whether the Court should take judicial notice of these documents.

[6]  The defendants maintain that the plaintiffs' joint summary judgment brief "contains no substantive argument that [the] EPA is applying the Final Guidance as a binding rule." Defs.' Mem. at 8-9, n.8. As noted earlier, however, the parties' cross-motions for summary judgment are not yet ripe for decision (in part due to the number of extensions requested by both parties in filing their supporting briefs) and the Court has therefore not yet reviewed these cross-motions. Thus, the Court believes it appropriate to take the plaintiffs at their word that they have advanced such a challenged, see Pls.' Mem. at 19, especially in light of the fact that similar challenges have been advanced at earlier stages of this litigation—both with respect to the Interim Guidance and the EC Process Memoranda. If, however, upon review of the plaintiffs' joint motion for summary judgment it becomes apparent that no such challenge has been advanced, the Court will not consider these four documents in its resolution of the parties' cross-motions, and will note at some point in the Memorandum Opinion addressing these cross-motions that it has not done so.

will be granted in part and denied in part.[7]  Specifically, the Court will not supplement the administrative record, but will consider the four documents offered by the plaintiffs that post-date the issuance of the Final Guidance as extra-record evidence.[8]

REGGIE B. WALTON<br>
United States District Judge

---

[7] As with its previous ruling on a prior motion to strike, see Order at 8, n.4, Nat'l Mining Ass'n, et al., v. EPA, et al., 10-cv-1220 (RBW) (D.D.C. September 14, 2011), the Court will only strike from the record the actual exhibits filed by the plaintiffs, and will not strike the portions of the summary judgment brief making reference to those exhibits.  To be clear, as directed by the APA and the controlling law in this Circuit, the Court will consider only those materials that are part of the administrative record or that the Court has deemed appropriate for consideration as extra-record evidence. The only materials the Court will actually strike from the record, however, are extra-record exhibits formally filed by the parties.

[8] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.